IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS JAMES MCDONOUGH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARTIN O'MALLEY,[1] ) <br> *Commissioner of Social Security*, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 22-1604 |

O R D E R

AND NOW, this 20th day of March, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and his claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. §§ 1381 *et seq.,* finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir.

---

[1] Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]   Plaintiff first argues that the Administrative Law Judge ("ALJ") erred by failing to specifically consider and weigh the opinion of Plaintiff's oncologist, Dr. Lauren Veltri, M.D.  (Doc No. 13 at 14-15).  In so doing, Plaintiff asserts that the ALJ failed to note that Dr. Veltri repeatedly documented that Plaintiff was not cleared to perform any type of work activity due to his cancer and related treatments until October 27, 2020.  (*Id.*).  However, Plaintiff overlooks that "a statement that a claimant is 'disabled' or 'unable to work' is not binding on the ALJ."  *Iannance v. Kijakazi*, No. 21-177, 2022 WL 2651970, at *2 n.1 (W.D. Pa. 2022) (citations omitted).

The Court notes that the ultimate question of disability has long been an issue reserved solely for the Commissioner, and the ALJ is not required to address opinions on the same.  The United States Court of Appeals for the Third Circuit has consistently provided that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC [residual functional capacity] determinations."  *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011); *see also* 20 C.F.R. §§ 404.1520c; 404.1546(c); 416.920c; 416.946(c).  Thus, the ALJ is not bound by a physician's statement that a claimant is "disabled" or "unable to work."  20 C.F.R. §§ 404.1520b(c)(3)(i); 416.920b(c)(3)(i).  This evidence is "inherently neither valuable nor persuasive," and an ALJ is under no obligation to provide "any analysis about how [he/she] considered such evidence."  20 C.F.R. §§ 404.1520b(c); 416.920b(c).  As such, here, the ALJ was not required to consider such evidence, and the Court finds no error in the ALJ's lack of discussion on this point.

Plaintiff next argues that the ALJ failed to consider if Plaintiff proved that he was disabled for a "closed period of time."  (Doc. No. 13 at 16).  As a continuation of the first argument, Plaintiff asserts that the ALJ failed to consider whether Plaintiff was disabled from October 2018, when Plaintiff was first diagnosed with cancer, until October 27, 2020, when Dr. Veltri stated Plaintiff could return to work.  (*Id.*).  For the following reasons, the Court is not persuaded by this argument.

An ALJ reviews the entire record to determine if the claimant was disabled during the relevant period.  *Plummer v. Apfel*, 186 F.3d 422, 433 (3d Cir. 1999).  If the ALJ finds the claimant was disabled at any point during this time, "the ALJ must also determine if [the] disability continues through the date of decision, *i.e.*, if the disability is limited to a

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 12) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 14) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record

---

'closed period.'"  *Dolbow v. Astrue*, 799 F. Supp. 2d 319, 326 (D. Del. 2011).  In other words, the ALJ determines whether an applicant "was disabled for a finite period of time which started and stopped prior to the date of his [or her] decision."  *Waters v. Barnhart*, 276 F.3d 716, 719 (5th Cir. 2002).

Here, while the ALJ did not explicitly use the term "closed period," the ALJ's decision and findings reveal that she considered whether Plaintiff was disabled "for a continuous period of not less than 12 months" and concluded that the Plaintiff "has not been under a disability . . . from September 26, 2018, through the date of this decision[.]" (R. 13, 24).  The ALJ's finding that Plaintiff was not disabled during the entire period from the alleged onset date through the date of decision necessarily precludes a finding that he was entitled to a closed period of disability.  *See Phillips v. Barnhart*, 91 Fed. Appx. 775, 782 (3d Cir. 2004) (rejecting the contention that the ALJ erred in failing to consider claimant for a closed period of disability because it ignored the ALJ's finding that the claimant had the RFC to perform a limited range of sedentary work from his alleged onset date and all times thereafter).  Accordingly, Plaintiff's argument is without merit.

For these reasons, the Court affirms the decision of the ALJ.